STATE of Oklahoma, ex rel. **OKLA-HOMA BAR ASSOCIATION,** Complainant,

v.

Anita **COLE,** Respondent.

**OBAD No. 998.**
**SCBD No. 3724.**

Supreme Court of Oklahoma.

July 9, 1991.

Dan Murdock, Gen. Counsel, Gloria Miller White Asst. Gen. Counsel, Okl. Bar Ass'n, Oklahoma City, for complainant.

Anita Cole, pro se.

## MEMORANDUM OPINION BY ORDER

On consideration of:

a) the Oklahoma Bar Association's [OBA's] Complaint,

b) the respondent's Resignation Pending Disciplinary Proceedings, and

c) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings of Respondent,

THE COURT FINDS AND HOLDS THAT:

1. respondent tendered her resignation as an active Oklahoma legal practitioner:

(a) *after* the OBA filed a formal complaint in this court charging respondent with the following 5 counts of misconduct:

*Count 1*—agreeing to represent a client and accepting a retainer to file a motion to modify his divorce decree; failing to return client's telephone calls and neglecting client's legal affairs; violating Rules 1.3 and 1.4, Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A.

*Count 2*—failing to answer or respond to OBA's notification of the grievance in Count 1, violating Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A.

*Count 3*—agreeing to represent a wife in a waiver divorce; preparing the petition, waiver and the decree; obtaining the parties' signatures on the decree and the husband's on the waiver, but not filing the petition until four months later; preparing a quit claim deed and obtaining the husband's signature, but never filing the deed; going before the judge and obtaining his signature on the decree without notifying him that the waiver had not been filed or that other service had not been perfected on the husband, which defect later resulted in the decree's vacation; agreeing to file a post-decree contempt citation against the husband for child support and alimony arrearages but never filing the paperwork, violating Rules 1.1 and 1.3, Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A.

*Count 4*—failing to answer or respond to OBA's notification of the grievance in Count 3, violating Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A.

*Count 5*—agreeing to represent a client and accepting a retainer in a child custody/support matter; making arrangements with opposing counsel's secretary to continue a jury trial on child support and alimony arrearages but failing to verify or confirm that it had in fact been continued and failing to appear in court, resulting in a bench warrant issued against her client, a default judgment of $30,223 and the arrest of the client on the bench warrant, violating Rules 1.1 and 1.3, Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A.

and

(b) while a formal complaint has been filed against respondent in this case, ten additional grievances are presently pending

in the office of the OBA's general counsel alleging that respondent:

(b–1) neglected client's legal affairs in a probate matter for which she had been retained (DC 90–191);

(b–2) neglected client's legal affairs in a case to obtain child support arrearages and other money owed from the client's divorce settlement for which she had been retained (DC 90–192);

(b–3) neglected a client's legal affairs in a bankruptcy matter for which she had been retained (DC 90–197);

(b–4) neglected a client's legal affairs in a case to recover past due alimony for which she had been retained (DC 90–211);

(b–5) neglected a client's legal affairs in a divorce matter for which she had been retained (DC 90–212);

(b–6) neglected a client's legal affairs in a child support matter for which she had been retained (DC 90–222);

(b–7) neglected a client's legal affairs in a custody matter for which she had been retained (DC 90–234);

(b–8) received $9,900 on behalf of her client pursuant to court order and failed to pay the money over to client;

(b–9) neglected a client's legal affairs in a probate matter for which she had been retained (DC–244);

(b–10) neglected a client's legal affairs in a divorce matter for which she had been retained (DC 90–265).

2. respondent submitted an affidavit (a) voluntarily resigning as an active Oklahoma legal practitioner, (b) attesting that she was not subjected to coercion or duress, (c) attesting that she was aware that she remains ineligible for any reinstatement quest prior to the expiration of five years from the date this court would approve her resignation;

3. respondent, Anita Cole, as her name appears on the OBA's official roster, maintains an address at P.O. Box 6788, Moore, Oklahoma 73160;

4. respondent's Resignation Pending Disciplinary Proceedings complies with all requirements set forth in Rule 8.1, Rules

Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A;

5. respondent's resignation, tendered to this court during the pendency of disciplinary complaints against her, is approved and her name withdrawn from the roll of active Oklahoma legal practitioners;

6. approval of respondent's resignation by this order is conditioned upon payment of costs in the amount of $252.97 and respondent's eligibility for reinstatement to the Bar becomes effective five years from her resignation's approval date.

Done by order of the Supreme Court in conference.

All Justices concur.